IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ALLEN KEITH WEBB #01865936 | § | |
| v. | § | CIVIL ACTION NO. 6:17cv624 |
| LORI DAVIS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Allen Keith Webb, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Webb named TDCJ-CID Director Lori Davis, Warden Meador, Officer Garrett, Warden Cockrell, Assistant Regional Director McKellar, medical manager Pam Pace, Correctional Managed Health Care, Dr. Khan, and an unknown individual.

**I. The Plaintiff's Claims**

Webb asserted that: (1) TDCJ-CID Director Lori Davis allowed officers under her supervision to retaliate against him and has allowed the grievance procedure to be used in such a manner that it protects officers instead of prisoners; (2) Warden Meador had direct knowledge of officers denying him medical care, but showed deliberate indifference upon being notified of this issue; (3) Officer Garrett confiscated electronic property and two pairs of medical eyeglasses belonging to Webb after Webb had an altercation with another prisoner, even though Webb had received the electronic property as apart of a settlement and the eyeglasses were part of pre-surgery medical treatment; (4) Warden Cockrell had direct knowledge that officers under her supervision were retaliating against Webb and denying him medical care, and allowed Webb to be placed in

1

unsafe housing for some 30 days; and (5) Regional Director McKellar had direct knowledge of the pain and suffering Webb underwent, but through deliberate indifference allowed prison officials to continue to cause him pain and suffering.

Webb further claimed that (6) Pam Pace had knowledge of Webb's pain and suffering resulting from the confiscation of his glasses; (7) Correctional Managed Health Care is deliberately indifferent to his pain and suffering strictly for purposes of saving money; and (8) Dr. Khan has failed to provide him with appropriate treatment for Hepatitis C, possibly in order to save money; and (9) the unknown defendant allowed an unsafe environment through deliberate indifference, resulting in the infliction of cruel and unusual punishment.

For relief, Webb sought "intervention of unsafe housing, adequate medical treatment, and any other equitable relief deemed appropriate by the Court."

## II. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge stated that Webb had been transferred to the Clements Unit and was no longer at the Michael Unit. Because Webb's lawsuit sought only injunctive relief, the Magistrate Judge stated that the lawsuit was therefore moot. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).

However, the Magistrate Judge also noted a more significant flaw in Webb's complaint. Court records show that Webb has filed at least three previous lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See* Webb v. Williams, et al., civil action no. 1:06cv6 (N.D.Tex., dismissed as frivolous March 27, 2009, no appeal taken); Webb v. Tarrant County, et al., civil action no. 4:98cv152 (N.D.Tex., dismissed as frivolous February 24, 1998, *aff'd* April 2, 1999); Webb v. Battle, et al., civil action no. 4:98cv231 (dismissed as frivolous June 23, 1998, no appeal taken).

As a result, Webb is subject to the three-strikes bar of 28 U.S.C. §1915(g), which provides that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Magistrate Judge stated that Webb did not pay the full filing fee and did not show that he is under imminent danger of serious physical injury. Webb was confined at the Clements Unit at the time the lawsuit was filed, and so the conditions of confinement at the Michael Unit could not place him in imminent danger. *See McClure v. Livingston*, civil action no. 5:12cv56, 2012 U.S. Dist. LEXIS 170491, 2012 WL 5969610 (E.D.Tex., September 4, 2012), *Report adopted at* 2012 U.S. Dist. LEXIS 169406, 2012 WL 5987408 (E.D.Tex., November 29, 2012) (inmate complaining of events at the Telford Unit in complaint filed from the Wynne Unit failed to show imminent danger with respect to the allegations of his complaint). The Fifth Circuit has held that allegations of imminent danger must relate to the claims forming the basis of the complaint. *Judd v. Federal Elections Commission*, 311 F.App'x 730, 2009 U.S. App. LEXIS 3464. 2009 WL 423966 (5th Cir., February 20, 2009). The Magistrate Judge therefore reasoned that Webb failed to show that the incidents about which he complains placed him in imminent danger of serious physical injury as of the date of the filing of his complaint, and recommended that the lawsuit be dismissed under authority of §1915(g).

### III. The Plaintiff's Objections

In his objections, Webb argues first that the doctrine of mootness does not apply because "the facts and grounds so pled in plaintiff's pleadings are not isolated to the Michael Unit, but is [sic] in fact system wide, allowing plaintiff to be subject to both 'harm and injury' irrespective of placement within the Texas Department of Criminal Justice, Institutional Division." He complains of facilities being rendered unsafe by budget cuts and again states he was housed in an unsafe cell at the Michael Unit for 30 days; upon his transfer to the Clements Unit, he was again placed in a cell which was unsafe.

Next, Webb argues that he has sought treatment for hepatitis C since 2008 and has now begun to show signs of liver cysts. He claims this indicates a serious deterioration of liver function, placing him in "imminent danger that is both real and proximate." Webb also contends that he did not ask only for injunctive relief, but he does not point to any place in his complaint seeking actual, as opposed to equitable, relief; he refers to "page 3, section II(a)," but section II on page 3 of his original complaint simply says that he is confined in TDCJ-CID.

## IV. Discussion

Although Webb complains that his claims are system-wide and not limited to the Michael Unit, he specifically discusses incidents occurring at the Michael Unit including confiscation of his property, denial of medical care, and deliberate indifference by the Michael Unit wardens. These claims were plainly rendered moot by Webb's transfer to the Clements Unit, and Webb's objections in this regard are without merit.

Webb's objections to the Magistrate Judge's determination concerning the three-strike bar of 28 U.S.C. §1915(g) are likewise without merit. He asserts that he has sought treatment for hepatitis C since 2008 and is now in imminent danger of serious physical injury, but points to no medical records nor anything other than his own speculation and self-diagnosis. A prisoner's self-diagnosis of a serious medical condition is insufficient to show imminent danger without medical evidence verifying that the condition exists. See *Aswegan v. Henry*, 49 F.3d 461, 465 (8th Cir. 1995); *accord, Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994) (prisoner's self-diagnosis alone will not support a medical conclusion); *McClure v. Foster*, civil action no. 5:10cv78, 2011 WL 665819 (E.D. Tex., January 7, 2011), *Report adopted at* 2011 U.S. Dist. LEXIS 15437, 2011 WL 941442 (E.D. Tex., February 16, 2011), *aff'd* 465 F.App'x 373, 2012 U.S. App. LEXIS 6385, 2012 WL 1059408 (5th Cir., March 29, 2012).

The Fifth Circuit has stated that in order to satisfy the imminent danger exception, the plaintiff must offer "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Fuller v. Wilcox*, 288

4

F.App'x 509 (5th Cir. 2008). In *Caradine/Assabur v. Hubbard,* civil action no. 5:11cv281, 2011 U.S. Dist. LEXIS 150173, 2011 WL 6937196 (E.D.Ark., December 7, 2011, *Report adopted at* 2012 U.S. Dist. LEXIS 370, 2012 WL 10308, E.D.Ark., January 3, 2012, no appeal taken), the court held that a complaint that the prisoner suffered from colon cancer, sugar diabetes, hypertension, high blood pressure, dislocated deformities in his foot, and tuberculosis did not support a finding that the prisoner was in imminent danger of serious harm. Likewise, in *Brown v. Pa. Dept. of Corrections*, civil action no. 10-0943, 2011 U.S. Dist. LEXIS 9724, 2011 WL 344078 (E.D. Pa., February 1, 2011), the court stated that an allegation that the plaintiff was denied proper medical care and a proper diet for hepatitis C placed him in imminent danger of contracting liver cancer or cirrhosis was not sufficient to overcome the § 1915(g) bar.

In addition, the Magistrate Judge correctly determined that Webb was not in imminent danger as a result of any conditions existing at the Michael Unit, given that he was at the Clements Unit at the time he filed his lawsuit. *Stine v. Federal Bureau of Prisons Designation and Sentence Computation Unit*, 571 F.App'x 352, 2014 U.S. App. LEXIS 10977 (5th Cir., June 12, 2014) (rejecting claim of imminent danger because the prisoner "failed to plausibly plead any connection between the alleged imminent danger in Colorado and his claims against the BOP defendants in Texas"); *Quick v. Anderson*, civil action no. 3:06cv2096, 2006 U.S. Dist. LEXIS 89993, 2006 WL 3626968 (N.D. Tex., December 13, 2006) (plaintiff's claims arose in the Hunt County Jail but he was transferred to the Stiles Unit of TDCJ prior to filing the lawsuit; because he was no longer at the jail, he was not under imminent danger of serious physical injury with respect to the claims alleged in the complaint).

Webb cannot exempt himself from the operation of §1915(g) by claiming that he is in "imminent danger" at all times and under all circumstances. See *Calton v. Wright*, civil action no. 6:12cv344, 2012 U.S. Dist. LEXIS 107329, 2012 WL 3135682 (E.D. Tex., June 29, 2012), *Report adopted at* 2012 U.S. Dist. LEXIS 107324, 2012 WL 3135675 (E.D.Tex., August 1, 2012, appeal dismissed), *citing Abdul-Akbar*, 239 F.3d at 315; *Althouse v. Murray*, civil action no. 6:11cv608,

5

2011 U.S. Dist. LEXIS 153399, 2011 WL 7403058 (E.D. Tex., November 18, 2011), *Report adopted at* 2012 U.S. Dist. LEXIS 21230, 2012 WL 555411 (E.D.Tex., February 17, 2012, appeal dismissed). Nor can he allege imminent danger from conditions at the Coffield Unit in a lawsuit filed from the Clements Unit. Webb's objections are without merit.

In order to meet the statutory exception in 28 U.S.C. §1915(g), Webb must offer specific facts showing that he was in imminent danger of serious physical injury at the time of the filing of the lawsuit. *Fuller v. Wilcox*, 288 F.App'x 509, 2008 U.S. App. LEXIS 16581, 2008 WL 2961388 (10th Cir., August 4, 2008), *citing Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Hyder v. Obama*, civil action no. 5:11cv26, 2011 U.S. Dist. LEXIS 31288, 2011 WL 1113496 (E.D.Tex., March 24, 2011) (vague and conclusory allegations of imminent danger are not sufficient). Because he failed to do so, his lawsuit may be dismissed without an evidentiary hearing or appointment of counsel. *See, e.g., Butler v. Williams*, 476 F.App'x 300, 2012 U.S. App. LEXIS 6152, 2012 WL 987562 (5th Cir., March 26, 2012) (affirming *sua sponte* dismissal of complaint under §1915(g) without a hearing or appointment of counsel, and denying appointment of counsel on appeal).

**V. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 6) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's motion for leave to proceed *in forma pauperis* (docket no. 2) is **DENIED**. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory $400.00 filing fee. It is further

**ORDERED** that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

So **ORDERED** and **SIGNED** this **26** day of **February, 2018.**

_____
Ron Clark, United States District Judge